I respectfully dissent. In my opinion, the officer's actions in approaching and stopping the appellant's vehicle were fully justified under the rule established in Terry v. Ohio,392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In light of the officer's testimony regarding his knowledge that the area was one of high drug-sale activity, his testimony regarding his experience and his training in the methods frequently used in drug transactions, and his testimony about his observations of the appellant and the man seen leaning into the appellant's car, I believe the officer had a "particularized and objective basis for suspecting the particular person stopped of criminal activity." United States v. Cortez, 449 U.S. 411, 418,101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981). " '[I]t is important to recall that a trained law enforcement agent may be "able to perceive and articulate meaning in given conduct which would be wholly innocent to the untrained observer." (quoting Brown v.Texas, 443 U.S. [47,] 52 n. 2, 99 S.Ct. [2637,] 2641 n. 2 [,61 L.Ed.2d 357 (1979)].)' " Pianzio v. State, 423 So.2d 258, 266
(Ala.Cr.App. 1981) (DeCarlo, J., dissenting).